(Pleito No. 99.—Fallado el 9 de Noviembre de 1900.)

## Vila contra Torres.

Recurso contra sentencia dictada por la Corte de Distrito de San Juan.

1.—Rendición de cuentas por apoderado. Cuando en una escritura de renuncia de poder, el poderdante manifiesta estar satisfecho de las gestiones del apoderado, y que éste le había adelantado una suma de dinero, no cabe deducir de dicha escritura de renuncia de poder y de reconocimiento de deuda, que el poderdante haya renunciado á que su apoderado le rinda cuenta del mandato desempeñado.

2.—RECIBO. El hecho de que en una escritura pública reconoce el otorgante haber recibido la suma expresada, no impide el que dicho otorgante pruebe que la referida suma fué realmente recibida por otra persona.

3.—ERROR DE HECHO. La resolución de que el pago de una parte de la suma reclamada exima del pago del total, constituye un error de derecho y no un error de hecho.

## SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á nueve de Noviembre de mil novecientos, en el juicio seguido en el suprimido Juzgado de 1ª Instancia del Distrito de San Francisco y en el Tribunal del Distrito de San Juan, por Doña María Silveria Vila, viuda de Martínez, propietaria y vecina de esta Capital, con Don José Torres Pérez, industrial, de la misma vecindad, sobre rendición de cuentas y cobro de pesos; pleito pendiente ante Nos en recurso de casación por infracción de ley, interpuesto por la demandante, á la que ha representado y defendido el Letrado Don Juan Guzmán Benítez, habiendo llevado la representación y defensa del demandado el Abogado Don Juan Hernández López.— Resultando: Que con fecha diez y seis de Agosto de mil ochocientos noventa y ocho, Doña María Silveria Vila, viuda de Martínez, produjo ante el suprimido Juzgado del Distrito de San Francisco contra Don José Torres Pérez escrito de demanda en que alegó, como fundamentos de hecho, que Torres Pérez se hizo cargo desde primero de Junio del año anterior de la administración de sus bienes, consistentes en una casa situada en la calle de San Francisco, de esta Ciudad, número 95; en otra casa ubicada en la Caleta de San Juan, número 8; en la mitad de un solar, radicado en la 2ª línea del barrio de Puerta de Tierra, y en una sombrerería denominada "El Modelo", establecida en la calle de San Justo; que sólo le rindió cuenta de su administración en el primer mes del ejercicio del cargo y en el de Enero del año de la demanda, habiendo gravado con hipotecas tanto la casa de la Caleta de San Juan, como la de la calle de San Francisco, vendido el solar situado en Puerta de Tierra, y puesto á su nombre, á título de venta, la sombrerería mencionada; y

que al tener noticias de tales hechos, ordenó á Torres se abstuviera de ejecutar acto alguno referente á la administración, ínterin le hacía expresa revocación del poder conferido, é invocando varios principios de derecho atinentes al contrato de mandato, sin citar texto legal alguno, suplicó fuera condenado por sentencia Torres Pérez, en juicio declarativo de mayor cuantía, á que en el término de quinto día rinda á la demandante cuenta comprobada de la administración de los bienes que le fueron encomendados, con los intereses legales y las costas á su cargo.—Resultando: Que Don José Torres Pérez impugnó la demanda, alegando para que se le absolviera de ella con imposición de costas á la parte actora, que fué apoderado de Doña María Silveria Vila y administró sus bienes durante poco tiempo, hasta el día treinta y uno de Diciembre de mil ochocientos noventa y siete, en que renunció el poder por escritura pública otorgada ante el Notario Don Antonio Alvarez Nava; que en el acto de la renuncia confesó Doña María Silveria Vila deber á Torres Pérez quinientos sesenta y cuatro pesos moneda corriente que le había adelantado para atender á necesidades urgentes y perentorias; que después de la renuncia del poder, Doña María Silveria Vila y Don José Torres Pérez procedieron á liquidar amistosamente sus cuentas, y para satisfacción y resguardo del segundo, le extendió la primera un documento privado con fecha doce de Enero de mil ochocientos noventa y ocho, el que en representación de la Vila, por no saber escribir, firmó su hija Doña Primitiva Martínez Vila; que en ese documento consta que Doña María Silveria Vila recibió al hacerse la rendición de cuentas, una libreta conteniendo el detalle de la cuenta de administración balanceada con un saldo de quinientos sesenta y cuatro pesos á favor de Torres Pérez, los mismos á que se refiere la escritura pública 'ya citada de treinta y uno de Diciembre de mil ochocientos noventa y siete, habiendo recibido también Doña María, además de todos los recibos y comprobantes relacionados con la cuenta, treinta y nueve pesos sesenta y siete centavos, que

sobraron del alquiler de la casa número 95 de la calle de San Francisco, y varios documentos, cuales fueron un pagaré de Don Gabriel Cabrera suscrito á favor de Doña María Silveria Vila por ochocientos pesos, con todas las matrículas de ganado vacuno que lo garantizan, otro pagaré de Don Rodolfo de Ojea, oficial de Artillería, á favor de la misma señora, por doscientos cincuenta pesos, con el real despacho de su nombramiento y un reloj de oro que dejó en garantía del préstamo, y el testamento del difunto esposo de la Doña María, en unión de todos los documentos referentes á la testamentaría arreglada é inscrita por Torres Pérez en el Registro de la Propiedad; é invocando como fundamentos de derecho, los artículos 1,215, 1,225, 1,720 y 1,732 del Código Civil, suplicó se desestimara en definitiva la demanda, con imposición de todas las costas á la parte demandante; habiendo acompañado á la contestación el documento privado de doce de Enero de mil ochocientos noventa y ocho de que se deja hecho mérito.—Resultando: Que entregados los autos para réplica, la demandante adicionó los hechos de la demanda, exponiendo que durante los cinco meses y medio transcurridos desde que otorgó el poder á Torres Pérez, percibió éste doscientos cuarenta pesos por seis meses de alquiler de la casa número 95 de la calle de San Francisco, á razón de cuarenta pesos mensuales, ciento veinte pesos por otros seis meses de alquiler de la casa número 8 de la Caleta de San Juan, á razón de veinte pesos mensuales, ciento cincuenta pesos por la venta que hizo á Don Gregorio Andrade en doce de Julio de mil ochocientos noventa y siete ante el Notario Alvarez Nava, del medio solar de Puerta de Tierra, dos mil ciento setenta y ocho pesos, ochenta y un centavos, en concepto de precio de la sombrerería "El Modelo", ciento veinte pesos por seis mensualidades que pagó Don Juan Miranda, como parte del precio de un establecimiento de alfarería en la calle de San Francisco, á razón de veinte pesos mensuales, mil quinientos pesos importe de una hipoteca que constituyó en veinte y nueve de

Julio de mil ochocientos noventa y siete por ante el No-
tario Alvarez Nava sobre la casa de la Caleta de San
Juan número 8, á favor de Doña Antonia Pérez y Pérez,
cuatro mil quinientos pesos importe de otra hipoteca cons-
tituída en catorce de Diciembre del mismo año por ante
el Notario Don Mauricio Guerra á favor de Don Eduar-
do López Cepero, y ochocientos pesos entregados á Torres
Pérez para que los colocase á interés, cuyas partidas dan
el total de nueve mil seiscientos ocho pesos ochenta
y un centavos; que por complacer á Torres Pérez firmó
á favor de éste en diez y ocho de Octubre de mil ochocientos
noventa y siete ante el Notario Guerra una escritura de
venta de la sombrerería y camisería "El Modelo," sin que
recibiera cosa alguna como precio, por más que la escritura
diga lo contrario, habiendo vendido después Torres Pérez en
tres de Junio de mil ochocientos noventa y ocho dicho
establecimiento á Don José Torres López por dos mil ciento
setenta y ocho pesos ochenta y un centavos, que es una de
las partidas ya referidas; y que si bien en treinta y uno
de Diciembre de mil ochocientos noventa y siete renunció
Torres Pérez el poder, continuó de hecho administrando los
bienes de la demandante, á la que todavía no ha rendido
cuenta, pues aunque ésta confesó deber á aquél la suma de
quinientos sesenta y ocho pesos, lo hizo así obedeciendo
á sugestiones de Torres Pérez y refiriéndose á alguna que
otra cantidad que pudiera haberle anticipado como parte de
sumas considerables provenientes de su capital; que Torres
Pérez nunca liquidó cuentas con ella, y es falso por tanto el
documento acompañado á la contestación, pues su hija Doña
Primitiva no firmó tal documento, ni ella ha recibido
libreta de clase alguna con el detalle de las cuentas pendientes,
como tampoco los recibos y comprobantes relacionados con
dichas cuentas, por más que es cierta la entrega del pagaré
de Don Gabriel Cabrera, del otro pagaré de Don Rodolfo de
Ojea con el real despacho de su nombramiento y el reloj de
oro dado en prenda, de los documentos concernientes á

la testamentaría de su difunto esposo, y de los treinta y nueve pesos sesenta y siete centavos á que alude el demandado, sin que esa entrega se verificara el día doce de Enero del noventa y ocho, ni se hiciera constar en documento alguno; y que la verdad de lo ocurrido fué que Torres Pérez la dijo que con motivo del poder le ocurrían disgustos en su familia, por lo que quería que otorgaran un documento en que apareciera renunciándolo, por más que seguiría atendiéndole sus negocios y le rendiría cuentas de su capital cuando realizara la sombrerería "El Modelo"; é invocando como fundamentos de derecho, los ya consignados en la demanda y los artículos 4, 1,102, 1,214, 1,459, 1,711, 1,719 y 1,737 del Código Civil, solicitó que de acuerdo con lo pedido en la demanda se declarara por sentencia que Don José Torres Pérez no ha rendido cuentas á Doña María Vila del mandato conferido. que es nula y de ningún valor la escritura de venta de la sombrerería "El Modelo" firmada por Doña María S. Vila, y que Torres es deudor á dicha Sra. de las cantidades que de ella ha percibido, ascendentes á nueve mil seiscientos ocho pesos ochenta y un centavos, sin más deducción que los quinientos sesenta y cuatro pesos á que se refiere la escritura de treinta y uno de Diciembre de mil ochocientos noventa y siete y los mil ochenta y nueve pesos sesenta y siete centavos que le entregó después en pagarés y en metálico, condenando en su consecuencia á Don José Torres Pérez á que en el término de quinto día le pague la cantidad que resulte adeudarle, con los intereses y costas del juicio.—Resultando : Que Doña María S. Vila acompañó al escrito de réplica el acta de protocolización de la cuenta divisoria de los bienes de su difunto esposo, otorgada ante el Notario Don Mauricio Guerra en cinco de Junio de mil ochocientos noventa y siete, en la que figuran, entre otros bienes del finado, la casa número 95 de la calle de San Francisco, la casa número 8 de la Caleta de San Juan, y la mitad de un solar radicado en la 2ª línea del barrio de Puerta de Tierra ; una escritura pública, por la que Don

Francisco J. Marxuach vendió en ocho de Mayo de mil ochocientos noventa y seis á Doña María S. Vila un establecimiento de camisería titulado "El Modelo" por precio de dos mil trescientos cuarenta y cinco pesos ochenta y seis centavos; otra escritura pública de doce de Julio de mil ochocientos noventa y siete, por la que Don José Torres Pérez, como apoderado de Doña María S. Vila, vendió á Don Gregorio Andrade por precio de ciento cincuenta pesos el medio solar de Puerta de Tierra; otra escritura pública de veinte y nueve de Julio del mismo año, por la que Don José Torres Pérez, como apoderado de Doña María S. Vila, hipotecó la casa número 8 de la Caleta de San Juan á favor de Doña Antonia Pérez y Pérez, para garantir un préstamo de mil quinientos pesos que de la misma había recibido; y otra escritura de diez y ocho de Octubre de mil ochocientos noventa y siete, por la que Doña María S. Vila vendió á Torres Pérez el establecimiento de sombrerería y camisería titulado "El Modelo" por precio de dos mil ciento setenta y cinco pesos que la vendedora confesó haber recibido del comprador.— Resultando: Que Don José Torres Pérez al duplicar impugnó las pretensiones formuladas en el escrito de réplica, alegando que atendidos los términos en que estaba concebida la demanda, el debate estaba reducido á si se habían rendido ó no las cuentas reclamadas, sin que la parte actora pudiera variar y desnaturalizar la cuestión planteada, intentando cobrar un saldo de cuentas que no puede fijarse hasta que éstas hayan sido presentadas, ni menos traer al juicio cuestiones de nulidad ó validez de contratos de compraventa, lo que podría ser materia para un pleito distinto; por lo que, invocando el artículo 547 de la Ley de Enjuiciamiento Civil, suplicó se desestimaran las nuevas pretensiones contenidas en el escrito de réplica, aun en la hipótesis de que se declare con lugar la demanda.—Resultando: Que practicadas pruebas á instancia de ambas partes, figuran, entre otras de la parte actora, una escritura pública otorgada en catorce de Junio de mil ochocientos noventa y siete, por la

que Doña María Silveria Vila otorgó poder general á favor de Don José Torres Pérez; otra escritura pública de catorce de Diciembre del mismo año, por la que Doña María S. Vila á nombre propio y en representación de sus menores hijos confiesa haber recibido de Don Eduardo López Cepero en calidad de préstamo la cantidad de cuatr mil quinientos pesos que se obligó á satisfacer en el término de dos años con el interés del doce por ciento anual, pagaderos por mensualidades vencidas, hipotecando en garantía del pago la casa número 95 de la calle de San Francisco; la confesión de Don José Torres Pérez, expresiva de ser ciertas las operaciones que la parte actora menciona en su escrito de réplica, con la diferencia de que la partida de ochocientos pesos, recibida para colocar á interés, era parte de la hipoteca de la casa de la calle de San Francisco; la declaración de Doña Primitiva Martínez Vila, que niega haber firmado por su madre Doña María Vila el documento presentado por la parte demandada con su escrito de contestación, y un informe de peritos calígrafos opinando que la firma de ese documento no ha sido trazada por la Doña Primitiva.—Resultando: Que entre las pruebas de la parte demandada figura un documento público de treinta y uno de Diciembre de mil ochocientos noventa y siete, por el que Don José Torres Pérez renunció el poder que en catorce de Junio del mismo año otorgó á su favor Doña María Silveria Vila, la que en dicho acto manifestó quedar enterada de la renuncia y satisfecha de las gestiones de su apoderado, por lo que se complace en consignar su gratitud, y al mismo tiempo confiesa que es en deber al mandatario que fué de ella Don José Torres Pérez la suma de quinientos sesenta y cuatro pesos moneda corriente que aquél le adelantó para atender á necesidades urgentes y perentorias; habiendo declarado en el acto del juicio oral Doña María Silveria Vila, al absolver posiciones, que Torres Pérez le facilitó la suma de cuatrocientos setenta y cinco pesos para ir á la Habana su hijo Don Pedro; que Torres Pérez pagó en el Banco Popular una deuda de

sesenta pesos; que recibió del mismo Torres Pérez un pagaré de Don Gabriel Cabrera por valor de ochocientos pesos y otro pagaré de Don Rodolfo de Ojea por valor de doscientos cincuenta pesos; que ignora quien pagó los gastos de la hipoteca de la casa número 95 de la calle de San Francisco, y que Torres Pérez le pagaba la casa y los gastos de lavandera, no pudiendo calcular la cantidad que recibiera de Pérez para esas atenciones.—Resultando: Que el Tribunal por sentencia de quince de Junio último absolvió á Don José Torres Pérez de la demanda sobre rendición de cuentas que contra él interpuso Doña María Silveria Vila, viuda de Martínez, con las costas á cargo de ésta. Resultando: Que contra esa sentencia interpuso la defensa de Doña María S. Vila recurso de casación por infracción de ley, autorizado por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando como motivos los siguientes :—1º Infracción del artículo 1,283 del Código Civil, por cuanto en el 3º y 4º considerandos de la sentencia se establece que en virtud de la escritura de treinta y uno de Diciembre de mil ochocientos noventa y siete Doña María S. Vila se obligó á quedar satisfecha de la gestión de su apoderado y renunció implícitamente á exigirle en juicio rendición de cuentas, cuando dicha escritura sólo tuvo por objeto la renuncia por Torres Pérez del poder que Doña María S. Vila le había conferido y la confesión por parte de ésta de una deuda perfectamente compatible con la posterior rendición de cuentas, sin que las frases de pura cortesía, expresivas de quedar satisfecha de las gestiones de su apoderado, impliquen renuncia de esas cuentas, ni menos que hubieran sido rendidas.— 2º Infracción del artículo 1,282 del Código Civil, puesto que del escrito de contestación á la demanda, del documento privado de rendición de cuentas, fechado en doce de Enero de mil ochocientos noventa y ocho, que á dicho escrito se acompañó, y de las pruebas practicadas á instancia de Torres Pérez, tendentes á demostrar que la rendición de cuentas tuvo lugar en la fecha citada,

claramente se deduce que tal rendición de cuentas no pudo realizarse mediante la escritura de treinta y uno de Diciembre de mil ochocientos noventa y siete, como supone la Sala sentenciadora.— 3º Infracción del artículo 1,387 del mismo Código Civil, que recomienda tener en cuenta la costumbre del país para interpretar la ambigüedad de los contratos, pues si tal ambigüedad ofreciera la escritura de treinta y uno de Diciembre de mil ochocientos noventa y siete, habría de tenerse en cuenta para aclararla que según práctica observada en el país, aun en las revocaciones de poder que se anuncian públicamente, siempre dice el mandante que deja en su buena reputación y fama al mandatario, sin que ello obste para que luego se rindan cuentas y hasta sobrevengan litigios.—4º Error de derecho en la apreciación de las pruebas, con infracción del artículo 1,232 del Código Civil, al afirmar la Sala en el 6º considerando de la sentencia, que por haber recibido Doña María S. Vila de Don Eduardo López Cepero los cuatro mil quinientos pesos, cuyo pago aseguró con hipoteca sobre la casa de la calle de San Francisco, no podía ser cierto que esa cantidad hubiera sido recibida por Torres Pérez, cuando este mismo lo confesó en el acto del juicio oral, al expresar que recibió las cantidades consignadas en el escrito de réplica, con la diferencia de que los ochocientos pesos recibidos para colocar á interés eran parte de la hipoteca de la casa de la calle de San Francisco. —5º Error de hecho en la apreciación de las pruebas, por cuanto habiendo confesado Torres Pérez haber recibido todas las partidas á que se refiere el escrito de réplica, montantes nueve mil seiscientos ocho pesos ochenta y un centavos, con excepción de los ochocientos pesos ya aludidos, y afirmándose en el 5º considerando estar comprobado suficientemente á juicio del Tribunal que Torres Pérez sufragó los gastos de la demandante durante la gestión del poder y además le entregó mil quinientos pesos para dos viajes de sus hijos, cuyas sumas con los quinientos sesenta y cuatro pesos reconocidos por la Vila en la escritura de renuncia

de poder, los ochocientos pesos no reconocidos por Torres y los dos mil ciento setenta y ocho pesos ochenta y un centavos de la venta de la sombrerería "El Modelo", sobre cuya venta no creyó la Sala poder hacer declaratoria alguna, dan un total de cinco mil quinientos diez y siete pesos ochenta y un centavos, resulta una diferencia á favor de la demandante de cuatro mil noventa y un pesos sobre los cuales la Sala no ha hecho declaración alguna, incurriendo en el error de que la justificación del pago de una parte de la suma reclamada justifica el pago del total. Visto, siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que si bien en la escritura pública de treinta y uno de Diciembre de mil ochocientos noventa y siete, en la que Don José Torres Pérez renunció el poder que por otra escritura de catorce de Junio del mismo año otorgó á su favor Doña María Silveria Vila, confesó ésta deber á aquél la suma de quinientos sesenta y cuatro pesos moneda corriente, que le había adelantado para atender á necesidades urgentes y perentorias, manifestando á la vez quedar enterada de la renuncia del poder hecha por Torres Pérez y satisfecha de sus gestiones, por lo que se complacía en consignar su gratitud al mismo, no se expresa que el crédito reconocido por la Doña María Silveria fuera en concepto de saldo de la liquidación de cuentas por ambos practicada, sino que por el contrario, claramente se dice que fué en concepto de anticipo de dinero por Torres Pérez á la Doña María Silveria para atender á necesidades urgentes y perentorias; y por tanto, no cabe deducir de la letra de la expresada escritura de renuncia de poder y de reconocimiento de deuda, como lo hace la Sala sentenciadora, que Doña María Silveria Vila haya renunciado á que su apoderado Torres Pérez le rinda cuentas del mandato que desempeñó, máxime habiendo alegado, como ha alegado Don José Torres Pérez y tratado de justificar, que en el mes de Enero siguiente rindió las cuentas que se le piden, infringiendo en su consecuencia la referida Sala los artículos 1,283 y 1,282 del Código

Civil que se invocan en el 1? y 2? motivo del recurso, sin que pueda estimarse igualmente infringido el artículo 1,387 del mismo Código, citado en el motivo 3?, por no haber justificado en el juicio que sea costumbre en el país hacer las manifestaciones que hace Doña María Silveria Vila respecto de su apoderado, cuando se acepta la renuncia de un poder. —Considerando: Que aunque al afirmar la Sala sentenciadora en la 6? consideración de derecho de la sentencia que por haber recibido Doña María S. Vila de Don Eduardo López Cepero, según escritura pública, los cuatro mil quinientos pesos, cuyo pago aseguró con hipoteca sobre la casa de la calle de San Francisco, no podía ser que esa cantidad hubiera sido recibida por Torres Pérez, cuando de autos consta por confesión del mismo el recibo de ella, incurrió aquella Sala en el error de derecho que se le atribuye en el 4? motivo del recurso; como dicho error no es base fundamental de la resolución reclamada, la que se apoya principalmente en que Torres Pérez no está obligado á rendir las cuentas que se le piden por haber renunciado á ellas la parte actora, ni tampoco conduce la alegación de semejante error á fin práctico alguno, pues no cabe condenar á Torres Pérez al reintegro de esa partida mientras por el resultado de las cuentas que se le reclaman no conste si es ó no deudor de la Vila, es clara la improcedencia de tal motivo de casación por la razón de que ésta no se da contra los razonamientos más ó menos acertados de una sentencia, sino contra la parte dispositiva de la misma.—Considerando: Que el error que como de hecho se alega en el 5? motivo del recurso, de que la justificación del pago de una parte de la suma reclamada exima del pago del total, no puede estimarse tal error de hecho, sino infracción de las disposiciones relativas al cumplimiento y extinción de las obligaciones, disposiciones que no se citan y que por tanto no cabe discutir en casación, siendo por tanto de desestimarse aquel motivo.—Fallamos: Que debemos declarar y declaramos con lugar el recurso de casación por los motivos 1?, 2? y 3? en que se funda, y sin lugar por los demás motivos

alegados; y en su consecuencia casamos y anulamos la sentencia dictada por el Tribunal del Distrito de San Juan á quien se comunicará esta resolución con la sentencia que á continuación se dicte á los fines consiguientes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José M.ª Figueras. —Rafael Nieto Abeillé.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á nueve de Noviembre de mil novecientos.—E. de J. López Gaztambide, *Secretario*.